IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KATHRYN MARIE SENSER,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

Case No. 6:15-cv-02387-AA
OPINION AND ORDER

AIKEN, Judge:

    Plaintiff Kathryn Marie Senser brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

    On January 6, 2012, plaintiff applied for DIB. Tr. 159. She alleged disability beginning May 1, 2010, due to bipolar disorder, anxiety, and depression. Tr. 245. Her application was denied initially and upon reconsideration. Tr. 88, 99. On February 5, 2014, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 36. Plaintiff, represented by counsel, testified, as did a

Page 1 - OPINION AND ORDER

vocational expert ("VE") and a medical expert. Tr. 36. On March 21, 2014, the ALJ issued an unfavorable decision. Tr. 23. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is susceptible to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. Tr. 13; 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: bipolar disorder, anxiety disorder, sciatica, and lumbar spondylosis. Tr. 13; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). At step three, the ALJ determined

plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 14; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

The ALJ found plaintiff retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 C[.F.R. §] 404.1567(b) except: the claimant is limited to occasional postural activities; should avoid pulmonary irritants; is limited to unskilled work; can have only incidental public contact; and no teamwork.

Tr. 16; 20 C.F.R. § 404.1520(e). At step four, the ALJ concluded plaintiff would be unable to perform any "past relevant work." Tr. 21, 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, relying on the VE's testimony, the ALJ found plaintiff could perform several jobs existing in significant numbers in the national economy: mail sorter, price marker, and packing line worker. Tr. 22, 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Accordingly, the ALJ found plaintiff not disabled and denied her application for benefits. Tr. 23.

## DISCUSSION

Plaintiff raises five allegations of error on appeal. She contends the ALJ erred when he: (1) found, at step three, that plaintiff did not meet the criteria for listing 12.04 (affective disorder); (2) discounted plaintiff's subjective symptom testimony without providing clear and convincing reasons to do so; (3) improperly weighed the medical evidence; (4) rejected the lay witness testimony of plaintiff's domestic partner; and (5) formulated the RFC and hypothetical questions to the VE. Because plaintiff's statements about the extent of her own limitations affect the analysis of all other allegations of error, I address those statements first. I then turn to plaintiff's arguments regarding the medical evidence and the lay witness statements. Finally, I address the step three analysis and the formulation of the RFC. Because plaintiff's arguments on appeal relate only to her mental impairments, this opinion does not address the ALJ's treatment of her physical limitations.

I.   *Plaintiff's Subjective Symptom Testimony*

When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative

Page 3 - OPINION AND ORDER

evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At the hearing, plaintiff testified that her biggest obstacle to working would be difficulty "staying on task and being able to concentrate and staying there." Tr. 43. She loses track of time, cannot stay focused, does not finish projects, and has trouble getting along with others. Tr. 49. She gets "anxiety and panic attacks from it comes to work." Tr. 266. "Because of lack of concentration and motivation" she cannot "stay interested in anything very long." Tr. 270.

Plaintiff also testified regarding the severity of her manic and depressive episodes. Mania causes her to "fly off the handle" and "yell and scream and you know, it could go on maybe an hour or two sometimes." Tr. 48. When she is depressed, she sleeps until about 2:00 in the afternoon or even stays in bed all day. Tr. 56. She estimates that without medication, she has one episode of depression every two to three months. Tr. 56.

Plaintiff's medications for bipolar disorder help balance her mood swings but also make her feel tired. Tr. 56-57. Plaintiff feels stuck in a "cycle": if she does not take her medication, she becomes psychotic and manic. Tr. 225. But if she does take medication, she becomes extremely fatigued. Plaintiff told one healthcare provider that "if she is not on her medication then she is a ticking time bomb, but when she does take her medication she feels extremely sedated." Tr. 332. Plaintiff's difficulties with concentration appear connected to the side effects of her medication. Plaintiff conceded her symptoms were better on medication than they were off. Tr. 57.

Page 4 - OPINION AND ORDER

The ALJ declined to fully credit plaintiff's testimony about the extent of her symptoms for several reasons. First, the ALJ noted evidence of dishonesty in plaintiff's hearing testimony and in the medical record. Tr. 17. The ALJ characterized plaintiff's testimony about the reason she could not work as vague and evasive. The ALJ also specifically noted that plaintiff testified she could not remember what drugs she was taking when she was arrested for driving under the influence of intoxicants. Later in the hearing, plaintiff admitted she was using marijuana and methadone. The notes from plaintiff's treating psychiatric nurse practitioner reveal that plaintiff has previously lied about her drug use and the arrest.

To the extent that the ALJ considered plaintiff's dishonesty about the narrow issue of prior drug use and arrest to be a reason for disbelieving all of her testimony, he erred. Although the Court does not condone plaintiff's dishonesty, the fact that she was not forthcoming about illegal drug use and her criminal history does not support the inference that she exaggerated her symptom testimony. Moreover, I find it significant that plaintiff corrected her own dishonest statements and eventually told both the ALJ and the nurse practitioner about her drug use in connection with the arrest. The medical records do not contain evidence of malingering on any other topic. Moreover, plaintiff's responses to questions about why she could not work were not evasive. She responded that her difficulties with concentration and memory would present the greatest difficulty with respect working. The "clear and convincing reasons" standard remains the appropriate one to apply regarding the ALJ's treatment of plaintiff's testimony.

Second, the ALJ noted the plaintiff's own testimony that she was able to sell items on eBay, travel to Hawaii (for vacation) and Alabama (for a class reunion), host extended family for weeks at a time, and do a deep cleaning of her house. Although the record shows plaintiff at times had difficulty with those activities, the ALJ permissibly concluded they suggested "greater cognitive and social functioning than alleged" with respect to plaintiff's concentration and motivation. Tr. 18. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [participation in everyday activities] suggest some difficulty functioning, [those activities] may be grounds for discrediting the

Page 5 - OPINION AND ORDER

claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

Third, the ALJ noted that the plaintiff had previously taken mental health medication while successfully holding down a job. Tr. 18. This aligns with plaintiff's testimony that her mental limitations regarding concentration are longstanding and have been a problem "all [her] life." Tr. 43. The ALJ reasonably concluded that plaintiff's past ability to work while suffering from the same mental health problems and taking the same medication undermined her claim of disability.

Fourth, there is evidence in the record regarding a severe manic episode during which plaintiff believed her domestic partner was collaborating with unknown persons against her. The ALJ noted that episode came on the heels of a number of situational stressors related to plaintiff's family and personal relationships. Tr. 18. She also noted it coincided with plaintiff's relapse into illegal drug use. Finally, the ALJ cited plaintiff's testimony, and the opinion of plaintiff's treating provider, that plaintiff's mood swings are well-controlled with medication. Taking all that evidence together, the ALJ concluded plaintiff's mania would not prevent her from working in the future. That conclusion is supported by substantial evidence.

In sum, although the ALJ erred to the extent he discredited plaintiff's testimony on the ground that she was dishonest about her criminal history and drug use, his decision to give limited weight to her subjective symptom testimony was nonetheless based on clear and convincing reasons supported by substantial evidence.

II.   *Medical Evidence*

Plaintiff next challenges the ALJ's decision to give only partial weight to the opinion of Jody Guyette, Psy.D. Dr. Guyette consultatively examined plaintiff. Where, as here, an examining physician's opinion conflicts with other evidence in the record, it may be rejected only for specific, legitimate reasons supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Specific and legitimate reasons for rejecting the opinion of an examining physician include the opinion's inconsistency with medical records or a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Page 6 - OPINION AND ORDER

Dr. Guyette assessed plaintiff's concentration, persistence, and pace as "adequate." Tr. 334. After administering a set of cognitive tests, Dr. Guyette concluded:

> [T]he claimant does have the ability to perform simple and repetitive tasks as well as more detailed to complex tasks. She would have difficulty attending work on a consistent and regular basis due to her motivation and depression issues. She would also have difficulty interacting with coworkers and accepting directions from a boss because she finds that anxiety provoking and tends to shut down. She would also have difficulty dealing with the usual stress of a workplace because it would exacerbate her anxiety and depression. Overall, the claimant's capacity is moderately impaired.

Tr. 336.

The ALJ gave "some weight" to the opinion that plaintiff's overall capacity was moderately impaired and incorporated into the RFC limitations designed to reflect that impairment and Dr. Guyette's opinion about plaintiff's difficulty with social functioning. Tr. 20. The ALJ then concluded that the evidence was "not persuasive that [plaintiff] would be unable to perform basic work activities on a regular and continuing basis." Tr. 20. That conclusion rested on medical evidence showing plaintiff performed well on tests measuring concentration and memory and on plaintiff's testimony regarding her activities of daily living.

The ALJ erred in relying on plaintiff's performance on memory and concentration tests to reject Dr. Guyette's attendance limitation. Dr. Guyette's attendance limitation was not tied to difficulties with concentration or pace, but to plaintiff's "motivation and depression issues." Tr. 336. It is unclear how plaintiff's performance on tests measuring recall of series of numbers and ability to spell words forwards and backwards connect to motivation and depression. Nonetheless, the ALJ permissibly found a conflict between plaintiff's activities of daily living, including taking long trips and deep-cleaning her house, and Dr. Guyette's attendance limitation. The ALJ's treatment of Dr. Guyette's opinion is therefore supported by substantial evidence.[1] *See Carmickle v. Comm'r, Soc.*

---

[1] Plaintiff also asserts the ALJ erred by giving too much weight to the opinion of Bill Hennings, Ph.D., an agency reviewing psychologist. Contrary to plaintiff's argument, there is no conflict between Dr. Henning's and Dr. Guyette's assessment of plaintiff's concentration, persistence, or pace limitations, as both doctors found at most moderate limitations in that area. *Compare* Tr. 70 (Dr. Hennings assessing moderate limitations) *with* Tr. 334 (Dr. Guyette deeming plaintiff's concentration, persistence, or pace "adequate"). The conflict between Dr.

Page 7 - OPINION AND ORDER

*Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (affirming ALJ's rejection of evidence even though two of the reasons for discrediting the evidence were erroneous).

III.   *Lay Witness Testimony*

Plaintiff also contends the ALJ erred in rejecting the opinion of her domestic partner, Pete Senser ("Pete"), regarding the extent of her limitations. Lay testimony as to a claimant's symptoms is competent evidence which the Commissioner must take into account unless the ALJ expressly disregards the testimony for "germane" reasons. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Although lay witnesses are not competent to testify to medical diagnoses, they may provide evidence regarding a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

In a third-party function report, Pete wrote that "whenever there [are] conflicts or problems, [plaintiff's] illness is likely to manifest itself." Tr. 258. Plaintiff is able to cook, clean, do laundry, and run errands. Tr. 259. Sometimes she sleeps "very little" and other times up to twenty hours per day. Tr. 259. Plaintiff "hardly ever" goes over to anyone's house or to social events. Tr. 262. Although plaintiff has difficulty with memory, completing tasks, and concentration, "as long [as] tasks aren't very long or can be stopped and restarted, she will get it finished." Tr. 263. She has had episodes of severe paranoia. Tr. 264. The ALJ gave Pete's report "some weight," finding the "overall record" supported the mental limitations detailed in the report. Tr. 21. However, the ALJ did not think Pete's statements supported greater limitations than those included in the RFC.

Plaintiff challenges the ALJ's treatment of Pete's report on two grounds. First, she argues the ALJ did not give sufficient weight to Pete's statements about her paranoia. However, as noted above, the ALJ permissibly found those episodes were well-controlled with medication. Any error in failing to reiterate that reason in the paragraph addressing Pete's report was harmless. *See Molina*

---

Guyette's and Dr. Hennings's opinions is that Dr. Guyette predicted plaintiff's depression would likely prevent her from maintaining regular attendance, while Dr. Hennings opined her "past mood stability is sufficient to allow reliable work activity." Tr. 70. As explained above, the ALJ permissibly relied on plaintiff's reported activities of daily living to resolve that conflict.

Page 8 - OPINION AND ORDER

*v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (error in addressing lay witness testimony is harmless when a clear, convincing reason for discrediting the testimony was already "discussed at length" when the ALJ addressed the claimant's subjective symptom testimony).

Second, plaintiff contends Pete's statements require more extensive limitations regarding social interactions. Here, I find no error. Pete documented some difficulty getting along with others, but that difficulty is adequately addressed by the limitations in the RFC permitting "only incidental public contact" and "no teamwork." Tr. 16. The ALJ's treatment of Pete's statement is supported by substantial evidence.

IV.   *Step Three Analysis*

Plaintiff contends the ALJ erred by failing to find her bipolar disorder met the requirements of Listing 12.04, which addresses affective disorders including bipolar disorder. "In order to qualify as disabled at step three of the evaluation, a claimant must meet or exceed the listed impairments in Appendix 1 to Part 404 of the regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 (9th Cir. 2001). To meet an Appendix 1 listing, " a claimant must satisfy criteria in paragraph A of the listings, which medically substantiate the presence of a mental disorder, and the criteria in paragraphs B or C, which describe the functional limitations associated with the disorder are incompatible with the ability to work." *Id.* It is undisputed that plaintiff satisfies the paragraph A criteria for bipolar disorder. It is also undisputed that she does not meet the criteria in paragraph C. The dispute is over whether she meets the criteria in paragraph B.

In order to satisfy the criteria in paragraph B, plaintiff's bipolar disorder must result in at least two of the following: (1) marked restriction in the activities of daily living; (2) marked difficulties in maintaining social functioning; (3) deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or (4) repeated episodes of decompensation, each of extended duration. *Id.* at 1203-04. Plaintiff contends she meets the second and third paragraph B requirements.

No medical opinion in the record assesses more than moderate difficulties with concentration,

Page 9 - OPINION AND ORDER

persistence or pace or social interactions. Plaintiff's argument regarding Listing 12.04 therefore rests entirely on her own testimony, which the ALJ partially discredited for clear and convincing reasons supported by substantial evidence. The ALJ did not err at step three.

V.    *Formulation of the RFC and Questions to the VE*

Relatedly, plaintiff contends that even assuming the ALJ correctly found only moderate restrictions in concentration, persistence or pace and social functioning, the RFC and hypothetical questions to the VE failed to account for those restrictions. The only limitation in the RFC related to concentration, persistence or pace is the limitation to unskilled work. The only limitations in the RFC related to social functioning are the restrictions on contact with the public and teamwork. The question is whether those limitations adequately account for plaintiff's moderate difficulties.

Taking the area of social functioning first, the ALJ adequately addressed plaintiff's moderate limitations. The requirement that plaintiff have "only incidental public contact" and "no teamwork" accounts for the limitations documented in the record and credited by the ALJ. Plaintiff relies on her own testimony in arguing that greater restrictions were warranted. However, as explained, the ALJ partially discredited that testimony for clear and convincing reasons supported by substantial evidence.

There is disagreement among the circuits regarding whether a limitation to unskilled work adequately accounts for moderate difficulties with concentration, persistence, or pace. *Compare Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) ("[A]n administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity," including "unskilled work") *with Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) ("[A]n ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical to simple, routine tasks or unskilled work." (internal quotation marks omitted)) *and Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (restricting hypothetical to unskilled work did not address difficulties with memory or concentration). The Ninth Circuit has not decided the issue. However, in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008), the Ninth Circuit held

Page 10 - OPINION AND ORDER

a restriction to "simple tasks" adequately accounted for the plaintiff's "slow pace" and moderate limitations in other mental areas. *Stubbs-Danielson* did not issue a blanket rule; instead, the court carefully parsed the medical evidence to determine whether the "simple tasks" restriction accounted for the limitations found by the ALJ and supported by substantial evidence in the record.

I tend to agree with the courts that have held a restriction to unskilled work generally does not account for moderate limitations in concentration, persistence, or pace. As those courts have noted, "[t]he ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). However, in this particular case, the medical evidence supports the conclusion that the restriction to unskilled work addressed plaintiff's restrictions. Dr. Hennings, the only physician in the record to assess moderate limitations in concentration, persistence or pace, opined plaintiff could perform "reliable work activity." Tr. 70. Dr. Guyette, after concluding plaintiff had "adequate" concentration, persistence and pace, specifically opined plaintiff has "the ability to perform simple and repetitive tasks as well as more detailed to complex tasks." Tr. 334, 336. The other medical providers either did not address concentration, persistence or pace or assessed mild limitations in that area. Under the specific circumstances of this case, the ALJ's restriction to unskilled work adequately addressed plaintiff's limitations. The ALJ erred neither in the formulation of the RFC nor in his questions to the VE.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 19 day of January 2017.

_____
Ann Aiken
United States District Judge